IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD JENNINGS,

    Plaintiff,

  v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.
                                     /

No. C 08-05518 WHA

**ORDER RE APPLICATION FOR TRO AND FOR ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

Plaintiff opened this case by filing a document entitled "application and declaration for temporary restraining order and [proposed] order to show cause re preliminary injunction and complaint." The filing was docketed both as a complaint and as a motion for a TRO or preliminary injunction. The action was subsequently reassigned to the undersigned.

Defendant responded to the complaint by filing a motion (1) to dismiss the action and (2) for pre-filing review of plaintiff's future lawsuits. A hearing on the motion is scheduled for April 2, 2009. Plaintiff subsequently filed a motion to shorten time re request for temporary restraining order.

This case is the latest of many plaintiff has filed in this district against the DOJ, or divisions or employees thereof (Nos. 05-1690; 05-02726; 05-3986; 06-6159; 08-2923; 08-4652). The earliest of these cases was assigned to the undersigned and, like this one, many of plaintiff's subsequent actions have been related thereto. Plaintiff's lawsuits have all raised the

1  same general allegations:  that the DOJ has harassed plaintiff or invaded his privacy by
2  following him, monitoring his conversations or other similar conduct.

3  The order of dismissal in Case No. 05-3986 summarized the actions to date.  It noted
4  that plaintiff's previously filed actions had been dismissed as lacking factual or legal merit, and
5  it dismissed the pending action as raising virtually identical allegations.  It further ordered that
6  plaintiff "was not to file another complaint with substantially the same allegations."  C. 05-
7  3986, Dkt. No. 12 (Dec. 2, 2005).

8  Plaintiff subsequently filed two further actions, both of which were dismissed *sua*
9  *sponte*.  Plaintiff then submitted yet another filing, an application for TRO, but in that instance
10 no complaint was filed or served. The *ex parte* application for a TRO and order to show cause
11 re preliminary injunction was denied by Judge Wilken for failure to make the requisite showing.
12 C. 08-4652, Dkt. No. 8 (Oct. 10, 2008).  This action followed shortly thereafter.

13 A party seeking injunctive relief generally must establish (1) a combination of probable
14 success on the merits and a likelihood of irreparable harm, or (2) that serious questions
15 regarding the merits exist and the balance of hardships tips sharply in the moving party's favor.
16 *See " The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008); *Winter v. Natural*
17 *Resources Defense Council*, 129 S.Ct. 365 (2008).  An *ex parte* TRO is appropriate only if
18 "specific facts in an affidavit or a verified complaint clearly show that immediate and
19 irreparable injury, loss, or damage will result to the movant before the adverse party can be
20 heard in opposition."  FRCP 65(b).  Like plaintiff's TRO filed just two months earlier, which
21 raised substantially similar allegations, plaintiff's most recent motion for a TRO fails to make a
22 sufficient showing of likely success on the merits and of irreparable harm to justify the
23 requested injunctive relief.  Plaintiff's motion for a TRO and application to show cause re:
24 preliminary injunction is therefore **DENIED**.

25
26
27
28

2

1  Plaintiff is reminded that defendant's motion to dismiss and motion for a pre-filing order
2 remain pending.  Although Civil Local Rule 7-3 normally requires the opposition brief to be
3 filed twenty-one days in advance of the noticed date (April 2), plaintiff may submit any
4 opposition he wishes to file no later than **MARCH 19, 2009**.  Any reply brief defendant wishes to
5 submit must be filed no later than **MARCH 26, 2009**.

**IT IS SO ORDERED.**

Dated: March 13, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3