1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD JENNINGS,                                          No. C 08-05518 WHA

        Plaintiff,

  v.                                                                  **ORDER DISMISSING CASE;**
                                                                         **ORDER REQUIRING**
UNITED STATES DEPARTMENT OF                         **PRE-FILING REVIEW OF**
JUSTICE,                                                            **FUTURE FILINGS**

        Defendant.

_____/

      Plaintiff, acting *pro se*, opened this action by filing an "application and declaration for temporary restraining order and [proposed] order to show cause re preliminary injunction and complaint." The filing was docketed both as a complaint and as a motion for a temporary restraining order or preliminary injunction. The action was subsequently reassigned to the undersigned. A March 2008 order denied the motion for a temporary restraining order (Dkt. No. 17). The government now moves to dismiss the complaint. The government also moves for an order requiring pre-filing review of plaintiff's future lawsuits. For the reasons that follow, both motions will be **GRANTED**.

                     *          *          *

      This case is the latest of many plaintiff has filed in this district against the DOJ, or divisions or employees thereof (Nos. 05-1690; 05-02726; 05-3986; 06-6159; 08-2923; 08-4652). The March 2008 order denying the plaintiff's motion for a temporary restraining order

**United States District Court**
For the Northern District of California

1    set forth defendant's litigation history; that history will be briefly summarized here for

2    convenience.

3         Plaintiff's six prior lawsuits have all raised the same general allegations:  that the DOJ

4    has harassed plaintiff or invaded his privacy by following him, monitoring his conversations or

5    other similar conduct.  The instant lawsuit raises similar allegations.  The order of dismissal in

6    Case No. 05-3986 summarized the actions to date.  It noted that plaintiff's previously filed

7    actions had been dismissed as lacking factual or legal merit, and it dismissed the pending action

8    as raising virtually identical allegations.  It further ordered that plaintiff "was not to file another

9    complaint with substantially the same allegations."  C. 05-3986, Dkt. No. 12 (Dec. 2, 2005).

10        Plaintiff subsequently filed two further actions.  Both were dismissed *sua sponte*.  Case

11   Nos. 06-6159; 08-2923.  Plaintiff thereafter submitted yet another filing, an application for a

12   temporary restraining order, but in that instance no complaint was filed or served.  The *ex parte*

13   application was denied by Judge Wilken for failure to make the requisite showing.  Case No.

14   08-4652, Dkt. No. 8 (Oct. 10, 2008).

15        This action followed shortly thereafter.  As stated, a March 2009 order denied plaintiff's

16   motion for a temporary restraining order (Dkt. No. 17).  The government now moves to dismiss

17   the complaint and also moves for an order requiring pre-filing review of any future action filed

18   by plaintiff.  A hearing on the motion was held April 2, 2009, at which both plaintiff Jennings

19   and the government appeared.

20                          *            *            *

21         Plaintiff's complaint fails to state a claim.  Defendant raises vague allegations regarding

22   "targeted harassment which includes privacy invasion and identity theft" and a "persistent

23   pattern of illegal activity directed towards plaintiff that violates plaintiff's civil and human

24   rights."  He further complains about the government "denying him any opportunity to find and

25   keep a job" and unspecified "computer problems" (Compl. ¶¶ 13–14).  It is impossible to

26   discern from the complaint who allegedly did what to plaintiff when, and how it allegedly

27   violated the law.  Like his prior actions, plaintiff's instant complaint is too nebulous and

28

incoherent to state a claim.  The government's motion to dismiss is **GRANTED**.  Judgment will be entered.

*          *          *

The government also moves for an order requiring pre-filing review of plaintiff's future lawsuits pursuant to FRCP 11(c)(4) and 28 U.S.C. 1651.  Section 1651(a) states:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

As the Ninth Circuit has explained:

> There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances . . .  Under the power of 28 U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take.

> Nonetheless, we also recognize that such pre-filing orders should rarely be filed.

*De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990) (quotations and citations omitted).

To balance these competing considerations, the Ninth Circuit identified certain requirements to guide the entry of pre-filing review orders.  Before entering such an order, the court should:  (1) afford the litigant notice and an opportunity to respond; (2) create an adequate record for review, including a listing of the cases or motions that lead to the order; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) be narrowly tailored to closely fit the specific "vice" encountered.  *Id.* at 1147-48.

This order finds that an appropriately tailored pre-filing review order is warranted.  As stated, this is plaintiff's seventh action in this district against the DOJ and/or its agencies and officers.  The actions have all raised substantially similar allegations of harassment and invasion of privacy.  All have been incoherent, rambling complaints entirely lacking merit.  Indeed, it is impossible to discern from the complaints what the alleged misconduct is.  As stated, plaintiff was previously ordered not to file additional similar lawsuits, yet plaintiff has since filed multiple similar actions.  The All Writs Act grants district courts the authority to issue orders

United States District Court<br>For the Northern District of California

1    restricting meritless cases in appropriate circumstances.  *De Long*, 912 F.2d at 1147.  Such an

2    order is here warranted.[1]

3           For these reasons, the government's motion for an order requiring pre-filing review of

4    plaintiff's future lawsuits is **GRANTED**.  Plaintiff Jennings is hereby enjoined from filing any

5    future action — including any complaint, application for injunctive relief or other filing —

6    absent an express written order of the general duty judge granting leave to file.  Any future

7    proposed actions or filings shall be accompanied by a declaration entitled "Application for

8    Leave to File" explaining how the proposed filing differs from plaintiff's previous complaints

9    and the wrongs to be corrected.  A copy of this order shall be included with any such

10   application.  Absent express judicial permission to file, no future action or application by

11   plaintiff Jennings shall be docketed.

12          This order shall be personally served on plaintiff Jennings.  The Clerk shall close the

13   file.

14

15          **IT IS SO ORDERED.**

16

17   Dated: May 6, 2009.

18                                              WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28
     _____
          [1] Plaintiff certainly had notice of the government's motion and an opportunity to respond — he
     appeared at the hearing on the motion.

United States District Court
For the Northern District of California